THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:24-cv-00297-MR-WCM

| | |
|---|---|
| HONG M. NGUYEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| HARRAH'S CHEROKEE CASINO ) | |
| RESORT, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Complaint [Doc. 1]; the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 2]; and the Plaintiff's "Motion" [Doc. 3].

**I.    BACKGROUND**

While the allegations of the Complaint are difficult to discern, it appears that the *pro se* Plaintiff seeks to bring an action against the Defendant Harrah's Cherokee Casino Resort to recover more than $50,000 that the Plaintiff lost while playing blackjack. [Doc. 1]. The Plaintiff does not state any basis for the exercise of federal jurisdiction in his Complaint. [Id.].

## II. STANDARD OF REVIEW

Federal district courts are courts of limited jurisdiction. United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). "Thus, when a district court lacks subject matter jurisdiction over an action, the action must be dismissed." Id. The lack of subject matter jurisdiction is an issue that may be raised at any time. See Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III. DISCUSSION

### A. Section 1915 Review of Complaint

In order to have subject matter jurisdiction over the Plaintiff's claims, there must be either (1) a federal question or (2) diversity of citizenship between the parties and more than $75,000 in controversy. See 28 U.S.C. §§ 1331, 1332. In his Complaint, the Plaintiff does not identify any federal question at issue. Further, he does not make any allegations sufficient to establish diversity jurisdiction, as he does not identify the citizenship of the parties involved and he alleges an amount in controversy of only $50,000. [Doc. 1 at 2]. Because the Complaint fails to establish a basis for the

exercise of federal jurisdiction, the Court concludes that this action must be dismissed for lack of subject matter jurisdiction.

Even if the Plaintiff had made sufficient allegations to establish federal question or diversity jurisdiction, the Plaintiff's Complaint would still be subject to dismissal as being frivolous. The fact that the Plaintiff claims a financial loss and resulting emotional distress arising from losing at a game of blackjack at a casino does not state a cognizable cause of action under any federal or state law.[1]

Litigants do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, successive, abusive or vexatious actions. See Demos v. Keating, 33 F. App'x 918, 920 (10th Cir. 2002); Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2002); In re Vincent, 105 F.3d 943, 945 (4th Cir. 1997). District courts have inherent power to control the judicial process and to redress conduct which abuses that process. Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001). The Plaintiff is hereby informed that future frivolous filings will result in the imposition of a pre-filing review system. Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th

---

[1] After filing his Complaint, the Plaintiff also filed a "Motion," which appears to largely restate the allegations and prayer for relief of his Complaint. [Doc. 3]. For the reasons set forth above, this motion is denied.

Cir. 2004); Vestal v. Clinton, 106 F.3d 553, 555 (4th Cir. 1997). If such a system is placed in effect, pleadings presented to the Court which are not made in good faith and which do not contain substance, will be summarily dismissed as frivolous. See Foley v. Fix, 106 F.3d 556, 558 (4th Cir. 1997). Thereafter, if such writings persist, the pre-filing system may be modified to include an injunction from filings. In re Martin–Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984).

B. **Application to Proceed with Prepaying Fees or Costs**

The Plaintiff seeks to proceed with this civil action without having to prepay the costs associated with prosecuting the matter. [Doc. 2]. In his Application, the Plaintiff asserts that he has no income or assets other than a vehicle, but that he has two minor children who rely upon him for support. The Plaintiff does not explain how he is able to live and support himself and his children without any source of financial support and without incurring any expenses for basic necessities. Consequently, the Plaintiff's application is denied without prejudice.[2]

---

[2] In the event that the Plaintiff refiles his Application, the Plaintiff is instructed to use the Application to Proceed in District Court without Prepaying Fees or Costs (Long Form) (AO 239), which is available through the Court's website, http://www.ncwd.uscourts.gov.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over the Plaintiff's Complaint. Accordingly, the Complaint is dismissed without prejudice. The Plaintiff's application to proceed without the prepayment of fees or costs [Doc. 2] is denied without prejudice, and the Plaintiff's Motion [Doc. 3] is denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 2] is **DENIED WITHOUT PREJUDICE** and the Plaintiff's "Motion" [Doc. 3] is **DENIED**.

The Clerk of Court is respectfully instructed to close this civil case.

**IT IS SO ORDERED.**

Signed: January 17, 2025

Martin Reidinger
Chief United States District Judge